**Opinion filed April 2, 2009**



In The

# Eleventh Court of Appeals

———————

## No. 11-07-00209-CR

———————

## MICHAEL RAY PETERSON-LISEMBEE, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 9th District Court**

**Montgomery County, Texas**

**Trial Court Cause No. 06-06-06258-CR**

## M E M O R A N D U M   O P I N I O N

The jury convicted Michael Ray Peterson-Lisembee of twelve counts of possession and two counts of promotion of child pornography. The jury assessed his punishment at five years for each of the possession offenses and at twenty years for both of the promotion offenses. We affirm.

### I. *Background Facts*

Law enforcement officials received a tip from America Online (AOL) that suspected child pornography had been e-mailed from one of their user's accounts. Sergeant Michelle Stern, a criminal investigator with the Texas Attorney General's Office, was asked to conduct an

investigation. Sergeant Stern determined that child pornography had been e-mailed, and she subpoenaed records from AOL. These records identified appellant as the account holder.

Sergeant Stern obtained a search warrant for appellant's residence. Appellant was not home when the search warrant was executed, but he was located and was asked to meet Sergeant Stern for an interview. Appellant agreed to do so. During the course of that interview, appellant admitted to receiving unsolicited child pornography via e-mail but claimed that he deleted it. He also admitted to trading pornography over the internet but denied trading child pornography. Appellant acknowledged that there was some child pornography saved on his computer. Sergeant Stern showed him the two images that AOL had identified as possible child pornography that were sent from his e-mail account. Appellant admitted that one of the pictures was on his computer, and he said that the second one might be there as well.

Law enforcement officers seized a generic desktop computer and two CDs from appellant's bedroom when they executed the search warrant. Sergeant Lannes Hilboldt, an investigator in the Texas Attorney General's Computer Forensic Unit, analyzed two hard drives removed from appellant's computer and two CDs removed from his bedroom. Sergeant Hilboldt testified that he found child pornography on one of the hard drives and on both of the CDs.

Appellant moved to suppress. Appellant argued that the search warrant affidavit was insufficient because it relied upon unsworn information from AOL and because, according to his expert, appellant's computer was not online when the child pornography was allegedly sent from his account. The trial court denied the motion.

## II. *Issues*

Appellant challenges his conviction with a single issue, contending that his trial counsel was constitutionally ineffective.

## III. *Standard of Review*

To determine if trial counsel rendered ineffective assistance, we must first determine whether appellant has shown that counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result would have been different but for counsel's errors. *Strickland v. Washington*, 466 U.S. 668 (1984). We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional

2

assistance, and appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Stafford v. State*, 813 S.W.2d 503, 508-09 (Tex. Crim. App. 1991). An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking as to overcome the presumption that counsel's representation was reasonable and professional. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

IV. *Analysis*

Appellant argues that his counsel was physically impaired and essentially asks us to make a medical diagnosis by evaluating counsel's conduct through our review of the trial transcript. We cannot do this for a number of reasons, including the fact that appellant introduced no medical evidence through a motion for new trial or otherwise.

Appellant next identifies several specific actions that he alleges demonstrate ineffective assistance: the lack of a plausible defensive theory, persistently arguing that no search warrant existed even though one was introduced into evidence, repeatedly making inexplicable chain of custody objections, having limited knowledge of computers and the internet but not enlisting the help of an expert, and expressing his disdain for appellant's actions. Many of these are unfair characterizations of counsel's actions, but nonetheless Appellant presents nothing for our review because there is no attempt to address *Strickland's* second prong.

Appellant makes no argument that, but for his counsel's allegedly deficient performance, the results of the trial would have been any different. Indeed, he acknowledges that the State had overwhelming evidence of his guilt – including his own admissions to law enforcement officials. This evidence forecloses appellant's claim of ineffective assistance. *See Washington v. State*, 771 S.W.2d 537, 545-46 (Tex. Crim. App. 1989) (even if counsel's failure to object was outside the range of professional competent assistance, overwhelming evidence of defendant's guilt made this error harmless).

We note that appellant is critical of his counsel's objections to the State's evidence. However, had counsel not challenged the search warrant or objected to the State's evidence,

3

appellant would surely contend that this was ineffective assistance, and appellant offers no better objection or challenge now. We also note that counsel did attempt to develop a defense consistent with his client's testimony. Appellant testified that he could not have transmitted the pornography as alleged because of his work schedule and that he admitted to having child pornography on his computer during his interview with Sergeant Stern because he thought they would leave him alone if he told them what they wanted to hear. Counsel tried to show how the pornography could have been unwittingly downloaded while file sharing, or when opening an unsolicited e-mail, or through a virus or Trojan Horse. Finally, counsel established that if someone else knew appellant's AOL account and password, they could log in as appellant and make it appear that he had sent an e-mail. Appellant offers no alternative theory. Appellant's issue is overruled.

V. *Holding*

The judgments of the trial court are affirmed.

RICK STRANGE

JUSTICE

April 2, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

4